UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. S-1 4:21-CR-00262-SEP ) |
| ANTAVEON BERNARD KENT, | ) ) |
| Defendant. | ) ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree as follows:

1. **PARTIES**

The parties are the defendant Antaveon Bernard KENT, represented by defense counsel Andrew Sottile, and the United States of America (hereinafter "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA**

Pursuant to Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary pleas of guilty to Counts I, IV, V, and VI of the Superseding Indictment, the Government agrees to move for dismissal as to Count VII at the time of sentencing. The Government also agrees that no further federal prosecution will be brought in this District relative

1

to defendant's conduct set forth in the Superseding Indictment, of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that, regardless of the Sentencing Guideline calculations agreed to herein, that at the time of Sentencing, they will jointly recommend a sentence of time served on Counts I and IV, and a sentence of 11 years on both Counts V and VI, which must be served consecutively to one another, for a total of 22 years. The parties recognize that this joint recommendation is not binding upon the Court, who has the full authority to sentence the defendant within the applicable statutory ranges.

The Defendant also agrees, pursuant to the guilty pleas to the offenses charged in Counts I, IV, V, and VI, to forfeit to the United States all property subject to forfeiture under the applicable statute.

3. **ELEMENTS**

As to Count I, the defendant admits to knowingly violating Title 21, United States Code, Sections 846 and 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(a) Beginning at an unknown time, but including March 14, 2021, within the Eastern District of Missouri, the defendant and other persons known and unknown to the Government reached an agreement or came to an understanding to distribute and possess, with the intent to distribute marijuana, a Schedule I controlled substance; and

2

(b) That the defendant knowingly, voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some time while it was still in effect; and

(c) That at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement.

As to Count IV, the defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(a) On or about March 16, 2021, in the City of St. Louis, within the Eastern District of Missouri, the defendant undertook a substantial step toward attempting to possess marijuana; and

(b) The defendant intended to distribute said quantity of marijuana.

As to Count V, the defendant admits to knowingly violating Title 18, United States Code, Sections 2, 924(c) and (j) and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(a) Defendant committed the crimes of conspiracy to distribute and possess, with the intent to distribute marijuana, as charged in Counts I and IV; and

(b) Defendant, aiding and abetting Demorion Little, knowingly possessed a firearm in furtherance of those crimes; and

(c) Defendant, aiding and abetting Demorion Little, discharged said firearm; and

(d) Defendant, aiding and abetting Demorion Little, used the firearm to cause the death of Kortlin Williams, which was murder.

As to Count VI, the defendant admits to knowingly violating Title 18, United States Code, Sections 2, 924(c) and (j) and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(a) Defendant committed the crimes of conspiracy to distribute and possess, with the intent to distribute marijuana, as charged in Counts I and IV; and

(b) Defendant, aiding and abetting Demorion Little, knowingly possessed a firearm in furtherance of those crimes; and

(c) Defendant, aiding and abetting Demorion Little, discharged said firearm; and

(d) Defendant, aiding and abetting Demorion Little, used the firearm to cause the death of Johnnie Jones, which was murder.

4. **FACTS**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On or about March 14, 2021, defendant KENT entered into an agreement with Demorion Little and/or others known and unknown to the Government to try to distribute quantities of marijuana. KENT understood the purpose of the agreement and, at the time he entered into the agreement with Little, he understood the purpose of the agreement.

On March 16, 2021, Kortlin Williams and Johnnie Jones were located by police at 1109 Montgomery Street in the City of St. Louis, within the Eastern District of Missouri. Both men were deceased in their vehicle, having succumbed to gunshot wounds. K.S., a third victim, was driving the vehicle after having sustained a gunshot wound himself. In furtherance of the

investigation, members of the SLMPD Homicide Unit conducted a forensic examination of victim Kortlin Williams' (hereinafter "Williams") cellular device.

In examining Williams' cellular telephone, investigators located a series of messages exchanged through the social media platform Facebook. Williams utilized the vanity name "Kortlin Keith Williams" while messaging through the Facebook platform. In an exchange with another individual utilizing the vanity name "Bts Sweepers," it appeared to investigators that "Bts Sweepers" was attempting to procure an amount of marijuana from Williams. The messages between "Bts Sweepers" and Williams continued between 10:40 AM on March 16, 2021 and approximately 5:28 PM the same day. SLMPD received the call for the shooting at approximately 5:35 PM.

In an effort to ascertain the identity of the individual utilizing the Facebook account "Bts Sweepers," investigators obtained a search warrant for that Facebook account, through which they were able to identify the user as co-defendant Demorion Little (hereinafter "Little"). In examining Little's messages leading up to the homicides on March 16, 2021, investigators located messages between Little and defendant KENT, who admitted to investigators utilizing the Facebook vanity name "Trauma Traumatized." In a series of messages dated March 14, 2021 (two days before the homicides), KENT and Little discussed needing to find someone to rob and needing to procure a firearm. At 5:50 PM on March 14, 2021, KENT sent a screenshot of Williams and victim Johnnie Jones' (hereinafter "Jones") Facebook accounts to Little. KENT sent this message intending to show co-defendant Little that these two individuals would be good targets for a robbery of marijuana.

On March 16, 2021, in between sending messages to Williams setting up a proposed marijuana deal, Little also exchanged communications with KENT. Between 2:08 PM and 4:05 PM, Little and KENT exchanged at least five (5) calls. Between 4:06 PM and 4:29 PM, Little provided his address to KENT so that KENT could pick Little up in a vehicle driven by KENT. Both Little and KENT were armed with firearms.

Surveillance footage obtained from around the scene of the homicide on March 16, 2021 shows KENT driving a white Jeep with distinctive rear-fender damage. It also shows KENT and Little setting up at the scene prior to Williams and Jones arriving to conduct what they believed was going to be a marijuana transaction. When Williams and Jones pulled up to the agreed upon location, both KENT and Little fired gunshots into the vehicle, killing Williams and Jones and injuring K.S, who was also occupying the vehicle. Approximately 621 grams of marijuana, which expert testimony would establish is an amount consistent with distribution, was located inside the victims' vehicle when police arrived. Investigators believe this suggests that Little and KENT's marijuana robbery was either unsuccessful or only partially successful. KENT agrees that the killing of Williams and Jones with firearms was to further his agreement with Little to steal and redistribute a quantity of marijuana. Based on the evidence, the parties agree that the amount of marijuana for which KENT is accountable, including the foreseeable conduct of his co-conspirator(s), is 621 grams.

5. **STATUTORY PENALTIES**

Counts I and IV

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 20 years, a

fine of not more than $1,000,000.00, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than three (3) years. In the event defendant is subject to any undischarged or anticipated term of imprisonment imposed by any court, defendant has been apprised by counsel that the sentence imposed in this case may be imposed consecutively to the undischarged or anticipated term of imprisonment.

Counts V and VI

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than life, a fine of not more than $250,000.00, or both such imprisonment and fine. The Court may also impose a period of supervised release of not less than three (3) years and no more than life. The defendant also fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least 10 years on each of Counts V and VI. These terms must be served consecutively to each other and to any other sentence. ~~In the event defendant is subject to any undischarged or anticipated term of imprisonment imposed by any court, defendant has been apprised by counsel that the sentence imposed in this case may be imposed consecutively to the undischarged or anticipated term of imprisonment.~~

**Possibility of Enhanced Criminal Status**: In certain situations, under Title 18, United States Code, Section 924(e) (Armed Career Criminal), defendant may be subject to a mandatory minimum sentence of 15 years and a maximum sentence greater than described above. The defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines

the foregoing statute applies to defendant's sentence. However, both parties retain the right to litigate whether Section 924(e) applies to defendant's sentence.

6. **U.S. SENTENCING GUIDELINES (2021 MANUAL)**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply, but further agree that regardless of the calculations herein, they will jointly recommend a sentence totaling 22 years at the time of defendant's sentencing.

a. **Chapter 2 Offense Conduct:**

COUNTS I AND IV

(1) **Base Offense Level:** The parties agree that the base offense level is 6, as found in Section 2D1.1. The parties agree that the quantity of marijuana for which the defendant is accountable, including relevant conduct, is less than 1 kilogram.

(2) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

The parties agree that two (2) points should be added pursuant to Section 2D1.1(b)(1), as the defendant possessed a firearm in relation to Counts I and IV.

The parties agree that two (2) points should be added pursuant to Section 2D1.1(b)(2), as the defendant used violence in furtherance of Counts I and IV.

b. **Chapter 3 Adjustments:**

(1) **Acceptance of Responsibility:** The parties agree that two (2) levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated

8

acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If the Government subsequently receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the Court and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1 without violating the plea agreement.

    c. **Other Adjustment(s)/Disputed Adjustments**: The parties have no further agreement regarding any other adjustments.

    d. **Estimated Total Offense Level**: The parties estimate that the Total Offense Level is 8. Depending on the underlying offense and the defendant's criminal history, the defendant could be a Career Offender pursuant to Section 4B1.1 or an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4. If the Court finds the defendant is a Career Offender or an Armed Career Criminal or both, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender or an Armed Career Criminal.

    COUNTS V AND VI

    **(1) Base Offense Level**: The parties agree that this guideline sentence is found in Section 2K2.4(b) and the sentencing enhancement where death is caused through use of a firearm is found in Section 2A1.1(a). Section 2A1.1(a) provides that an offense involving first degree murder has a base offense level of 43.

  **(2) Specific Offense Characteristics**: The parties do not recommend any Specific Offense Characteristics.

  **(3) Chapter 3 and 4 Adjustments**: Pursuant to Section 2K2.4(b) and Application Note 5, Chapters Three and Four do not apply. Therefore, as to these counts, Defendant is not entitled to an acceptance of responsibility reduction under Section 3E1.1.

  e. **Other Adjustment(s)/Disputed Adjustments**: The parties have no further agreement regarding any other adjustments.

  f. **Estimated Total Offense Level**: The parties estimate that the Total Offense Level is 43. Depending on the underlying offense and the defendant's criminal history, the defendant could be a Career Offender pursuant to Section 4B1.1 or an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4. If the Court finds the defendant is a Career Offender or an Armed Career Criminal or both, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender or an Armed Career Criminal.

  g. **Criminal History**: The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

  h. **Effect of Parties' U.S. Sentencing Guidelines Analysis**: The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen

all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein, and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**

    a. **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    **(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

    **(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining the applicable Sentencing Guidelines range, and regardless of that range, sentences the defendant to 22 years imprisonment as recommended by the parties, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues. Similarly, the Government hereby waives all rights to appeal all sentencing issues provided the Court accepts the plea, adopts the agreed Total Offense Level, and sentences the defendant in accordance with or above the parties' sentencing recommendation.

11

b. **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c. **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER**

a. **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

b. **Civil or Administrative Actions not Barred; Effect on Other Government Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation, or administrative action against the defendant.

c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section

3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

   d. **Mandatory Special Assessment**: Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $400, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

   e. **Possibility of Detention**: The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

   f. **Fines and Costs of Incarceration and Supervision**: The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

   g. **Forfeiture**: The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

13

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. The defendant consents that the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS

In pleading guilty, the defendant acknowledges, fully understands and, hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; and the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT

After pleading guilty and before sentencing, if the defendant commits any crime other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the Government, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA**

Pursuant to Federal Rule of Criminal Procedure 11(c) and (d), the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

7/6/22
Date

*[signature]*
ANGIE E. DANIS, #64805MO
Assistant United States Attorney

7-1-22
Date

*[signature]*
ANTAVEON BERNARD KENT
Defendant

7-1-22
Date

*[signature]*
ANDREW SOTTILE
Attorney for Defendant

16